## DARIUS KUEHNER *et al.*

### *v.*

## THE CITY OF FREEPORT.

*Filed at Ottawa October 31, 1892.*

1. SPECIAL ASSESSMENTS AND SPECIAL TAXATION—*can not be combined to establish one local improvement.* The legislature, by section 9 of article 9 of the constitution, is given the right to break in upon the rule of uniformity in the imposition of taxes, so far as to vest the corporate authorities of cities and villages with power to make local improvements by special assessment or by special taxation of contiguous property,—by one or the other, but not both in combination on the same local improvement. The word "or" is used in its ordinary disjunctive sense, meaning one or the other of two, but not both.

2. Section 1, article 9, of chapter 24, vests power in cities and villages to make local improvements "by special assessment or by special taxation, or both," or by general taxation. The language of the section is not directed to the mode of making a single improvement, but to the making of improvements, in the plural, and generally, and its purpose is to vest in the corporate authorities power to make them in both of the designated ways. But in the case of a single improvement the city or village must decide by ordinance which of the modes it will pursue.

3. The words "or both," in the section, do not authorize a city or village to combine the two modes in a single improvement. Those words are not employed to indicate that the two diverse and distinct systems may be combined, but to indicate that improvements may be made in both ways.

4. The two modes provided by the law for raising money for local public improvements by cities and villages are governed by radically different principles, and although the statute requires that the machinery for the imposition of special taxation shall be the same as that for making special assessments, so far as applicable, the evident object is to provide two distinct modes by which local improvements may be made,—one by special assessment, which may be upon all property benefited, and the other by special taxation, which is confined to contiguous property.

5. A city or village is authorized by the statute to combine general taxation with special assessment and with special taxation, to raise the means for the making of local improvements, but not special assessment and special taxation in the same proceeding.

6. A city or village, under the act relating thereto, is not authorized to combine, in making a single improvement, special taxation and special assessment, and an ordinance for a street improvement which combines such methods is void.

7. The provision (sec. 9, art. 9, of the constitution,) giving the right to vest in cities, towns and villages the power to make local improvements by special assessment or special taxation, being an exception to the general rule and policy of the State and dominant principle of the constitution, should not be extended beyond the clear-import of the language employed.

8. The words "or otherwise," following the provisions in respect to the two special modes by which local improvements might be authorized to be made, refer to still other methods of providing for the making of such improvements, and can not be held to affect such special modes, or to authorize the combination thereof in respect of any single improvement.

9. SAME—*the principle of uniformity must be maintained.* By virtue of the constitutional provision requiring uniformity of taxation, cities and villages may be clothed with power to make local improvements in both ways,—either by special assessment of benefits, or by special taxation of contiguous property,—thereby preserving the principle of equality in bearing the public burden in respect of all persons and property affected by the exercise of the power.

10. The constitutional principle of equality of taxation applies as well to special assessments as to the ordinary modes of taxation, and it must be imposed upon all property similarly situated with respect to the proposed improvement. While, in respect of making local improvements, the burden can not be uniform throughout the municipality, yet it can be uniform in respect to both persons and property, so far as attempted to be exercised.

11. SAME—*amount of special tax, or data for determining, must be specified in the ordinance.* Where the cost of a local improvement is to be raised in whole or in part by special taxation, the ordinance itself must either state the sum, or give the data by which the commissioners can fix the amount to be raised. If it does not, it will be void.

12. SAME—*of railway in a street—for street paving.* A railway in a public street is contiguous to a proposed street improvement that may be specially taxed according to its frontage, for the making of a local improvement of such street. Whether the railway company shall pay for paving between its tracks, as is sometimes done, or less or more, or whether the levy will be of a share or portion of the whole cost, and if so how much, rests in the discretion of the city authorities.

APPEAL from the County Court of Stephenson county; the Hon. GEORGE WOLF, Judge, presiding.

The city council of the city of Freeport passed an ordinance providing for the grading, curbing and paving of parts of certain streets of the city. The cost of making the contemplated improvement was provided for by the third section of the ordinance, as follows:

"Sec. 3. That the cost of the local improvement contemplated by this ordinance, together with the cost of making, levying and collecting the cost of such local improvement, shall be made and paid as follows: The city of Freeport shall pay from out of its general fund appropriated for street improvement purposes, the entire cost of the new curbing (exclusive of setting the same) which is by this ordinance ordered placed along the line of such local improvement, and shall also pay from and out of its general fund appropriated for street improvement purposes, the entire cost of the improvement of the space or spaces included within the intersections of those parts of the aforesaid streets hereby ordered to be improved, including therein the cost of the improvement of that part of Stephenson street included within the lines of Second street produced to the center line of said Stephenson street, and including also the cost of the improvement of that part of Taylor avenue included within the lines of Third street produced to the center lines of Taylor avenue, and by a special assessment of the property, franchise and right of occupancy of the Freeport Street Railway Company to the extent that such property, franchise and right of occupancy will be specially benefited by said local improvement; and the residue and remainder of the entire cost of said local improvement, (except the cost of new curbing,) including the cost of setting such new curbing, and the cost of making, levying and collecting the cost of said local improvement contemplated hereby, shall be made and paid by special taxation of the lots, parts of lots, tracts of

land and real estate abutting upon and contiguous to each line of said Taylor avenue from the westerly line of the main track in the right of way of the Chicago, Milwaukee and St. Paul Railway Company to its intersection with Stephenson street, and upon each line of Stephenson street between Taylor avenue and the easterly line of Walnut street, and upon each line of said Galena street between the westerly line of the right of way of the Chicago and Northwestern Railway Company and the easterly line of Walnut street, and upon each line of all those portions of Liberty, Adams, Mechanic, Chicago, Van Buren streets and Galena avenue which lie between the lines of said Stephenson and Galena streets. And for the foregoing purpose a special assessment of the amount to be paid by general taxation, and of said special benefits, and of said special tax, is hereby ordered to be made in the manner following: The entire cost of the improvement of the space or spaces included within the intersections of those parts of streets herein ordered to be improved, and including the cost of improving that part of Stephenson street included within the lines of Second street, produced to the center line of the aforesaid Stephenson street, and including also the cost of the improvement of that part of Taylor avenue included within the lines of Third street produced to the center line of Taylor avenue, and the cost of all material to be used for curbing in such improvement, shall be assessed against the city of Freeport as the amount to be paid from and out of its general fund appropriated for street improvement purposes, and the property, franchise and right of occupancy of said Freeport Street Railway Company shall be assessed to the extent that the same will be specially benefited by said local improvement; and said special tax to meet the residue and remainder of the entire cost of such local improvement, (except the cost of new curbing,) including the cost of setting curb-stones, and of making levying and collecting the cost of said local improvement, shall be levied upon the lots, parts of

lots, tracts of land and real estate hereby specially taxed, in such manner that the portion of the cost to be assessed thereon shall be borne by said property and real estate in the proportion the respective frontages thereof of the said lots, parts of lots, tracts of land and real estate on those parts of said streets hereinbefore ordered to be improved bear to the entire frontage on said local improvement, exclusive of said street intersections."

By that ordinance, and an ordinance subsequently passed amendatory of the former, a committee of the council was appointed as commissioners to make and report an estimate of the total cost of such improvement, and it was provided that upon approval thereof by the city council, the city attorney should file in the county court a petition "for proceedings to make the general tax aforesaid, and the special assessment aforesaid, and the special tax aforesaid, according to law." The commissioners appointed made and returned an estimate of the total cost, including expense of collection, as being the sum of $49,692.30, which was approved. Thereupon the petition in this case was filed in the county court, reciting the original and amendatory ordinances, the report of said commissioners, and praying that assessment be made conformable to said ordinance, etc., and for the appointment of commissioners, etc. The court appointed commissioners, who, after taking the required oath, made and returned into court their report, denominated an "assessment roll," in the certificate to which occurs the following: "That they examined the locality where said improvement was to be made, and that portion of the property of said Freeport Street Railway Company which will be specially benefited thereby, and did estimate what proportion of the total estimated cost of said improvement would be of benefit to the property, franchise and right of occupancy of said company, which they estimated and assessed at $388; that they calculated the proportion of the total estimated cost of said improvement assumed by said city,

\*    \*    \*    and found said proportion of said cost to amount to said $10,854.50, and assessed said sum against said city of Freeport; that they therefore deducted from the total estimated cost of said improvement, to-wit, $49,692.30, said sums so assessed against said street railway company and said city of Freeport, and apportioned the remainder of said estimated cost, to-wit, $38,449.80, among, and assessed the same against, the said several tracts and parcels of land fronting upon said improvement, in the proportion which the respective frontage of each tract upon said improvement bears to the entire frontage upon said improvement, exclusive of said intersections."

Upon return thereof, appellants appeared and filed numerous objections to its confirmation by the court, of which it is important to here notice only the following: First, because the ordinance provided for raising the cost of the improvement by general taxation, by special assessment and by special taxation,—a combination of three methods, which could not be legally adopted in the same ordinance for the same improvement; second, because the city council did not in the ordinance, or in any way, determine and fix the sum to be assessed as a special tax, or give any data by which said sum could be legally determined or fixed by the commissioners. The objections were severally overruled, and judgment of confirmation entered, from which this appeal is prosecuted.

Mr. M. STOSKOPH, Mr. J. L. COCHRAN, and Mr. H. C. HYDE, for the appellants.

Mr. J. H. STEARNS, Mr. MARVIN, and Mr. JAMES I. NEFF, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

&middot; The city of Freeport is organized under the general law for the incorporation of cities and villages, (Rev. Stat. chap. 24,) and is invested with the powers therein prescribed. The ques-

tion presented by this record, and regarded as controlling, is, whether a city or village, under that act, may combine, in making a single improvement, special taxation and special assessment.

Section 1, article 9, of the general Incorporation act, confers power upon the corporate authorities of cities and villages to make "local improvements by special assessment or by special taxation, or both, of contiguous property, or by general taxation, or otherwise, as they shall by ordinance prescribe." The next section requires that the ordinance providing for making the improvement shall "prescribe whether the same shall be made by special assessment or by special taxation of contiguous property, or general taxation, or both." It is conceded, as it must be, that the power of the city is measured by this legislative grant, and it therefore becomes important to ascertain the legislative intent, and whether the power claimed has been conferred.

By the constitution of 1870 of this State the rule of uniformity in the imposition of taxes theretofore existing (secs. 2, 5, art. 9, Const. of 1848; *Chicago* v. *Larned,* 34 Ill. 203; *Ottawa* v. *Spencer,* 40 id. 211,) was retained and again promulgated, (sec. 1, art. 9,) with the exception contained in section 9 of article 9, as follows: "The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise. For all other corporate purposes all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same." The provision giving the right to vest in cities, towns and villages the power to make local improvements by special assessment or special taxation being an exception to the general rule and policy of the State and dominant principle of the constitution, in respect of taxation, ought not to be extended

beyond the clear import of the language employed. (*Wilson* v. *Board of Trustees*, 133 Ill. 443.) The two modes specifically mentioned are, as said in *City of Sterling* v. *Galt*, 117 Ill. 18, governed by radically different principles, and while, by the statute subsequently passed, the machinery for the imposition of special taxation is to be the same as that for making special assessments, so far as applicable, yet the evident object was to provide two distinct modes by which local improvements might be made,—one by special assessment, which might be upon all property benefited, the other by special taxation, confined to contiguous property. *Enos* v. *City of Springfield*, 113 Ill. 70; *City of Springfield* v. *Green*, 120 id. 269.

The words "or otherwise," following the provision in respect of the two special modes by which local improvements might be authorized to be made, refer to still other methods of providing for the making of such improvements, and cannot, by any rule of construction, be held to affect such special modes, or to authorize the combination thereof in respect of any single improvement. The clause under consideration is treating of local improvements generally, and the language employed is applicable to the general subject. The words "or otherwise" were probably inserted to prevent any possible construction of the clause which would render the special modes enumerated exclusive, and a limitation upon the power of the legislature to vest such corporate authorities with power to make local improvements in any other manner. Whatever the effect of the omission of these or equivalent words might have been in the respect indicated, the probable purpose, and unquestionably the effect of their insertion, was to leave the General Assembly free to vest in municipal authorities of cities, towns and villages power to provide for making local improvements in any way or by any mode not inconsistent with or in violation of the organic law.

The legislature is by this provision of the constitution given the right to break in upon the rule of uniformity in the imposi-

tion of taxes, so far as to vest the corporate authorities of towns, cities and villages with power to make local improvements by special assessment *or* by special taxation of contiguous property,—by one or the other, but not both in combination in the same local improvement. The word "or" is used in its ordinary and disjunctive sense, and corresponds with either, "meaning one or the other of two, but not both." (Am. and Eng. Ency. of Law.) It may well be presumed that the framers of the constitution intended, so far as practicable, to preserve the rule of uniformity in making local improvements. So it has been held that the constitutional principle of equality of taxation applied as well to special assessments as to the ordinary modes of taxation, and that it must be imposed upon all property similarly situated with respect to the proposed improvement. *Chicago* v. *Baer*, 41 Ill. 306 ; *Scammon* v. *Chicago*, 42 id. 192 ; *Parmelee* v. *Chicago*, 60 id. 267 ; *Bigelow et al.* v. *Chicago*, 90 id. 49.

By the first section of article 9, of the constitution, and again by the latter paragraph of the section under consideration, as we have seen, that principle, both in respect of persons and property within the jurisdiction of the authority imposing taxation, was made the controlling rule, and while, in respect of making local improvements, the imposition of the burthen could not be uniform throughout the municipality, yet it could be uniform in respect of both persons and property, so far as attempted to be exercised. That the evils resulting from the combination of the two special modes was within the contemplation of the framers of the organic law may also be presumed. If part of the property affected by the improvement,—such as a railroad in the street,—may be specially assessed, and with the right of the owner to a trial by jury to determine whether it is assessed more than the actual benefits or more than its proportionate share of the cost of the improvement, while other property on the street is subjected to special taxation as contiguous property, in the un-

controlled discretion of the corporate authorities, it is apparent that uniformity in the imposition of the public or *quasi* public burthen is destroyed and the door opened to the grossest favoritism and oppression. The property of a favored citizen or class could be protected from assessment beyond the amount it was actually benefited by the improvement, while upon the property of those less favored the tax would be imposed in the discretion of the town or city authorities, without right of trial by jury or right of review. By virtue of this constitutional provision, corporate authorities of towns, cities and villages may be clothed with power to make local improvements in both ways,—either by special assessment of benefits or by special taxation of contiguous property;—thereby preserving the principle of equality in bearing the public burthen, in respect of all persons and property affected by the exercise of the power. And this was, we think, the evident intent in adopting this provision.

In entire harmony, as we think, with this view, the legislature has enacted the sections of the general law for the incorporation of cities and villages before referred to. By the first section of article 9 of that statute, it will be observed, the legislature is vesting power in the corporate authorities to make such local improvements, and it is provided that such improvements, referring to them generally, may be made "by special assessment or by special taxation, or both," or by general taxation. The language of this section is not directed to the mode of making a single improvement, but to the making of improvements in the plural, and generally, and its purpose was to vest in the corporate authorities power to make them in both of the designated ways. No question could arise of the power of the municipal authorities to carry on separate improvements at the same or different times, and employ one mode in one and the other in another or others, as convenience or the public good might dictate. Indeed, such has been the uniform construction, so far as we are aware, of the power

conferred by this statute. In *Enos* v. *City of Springfield,* before cited, in construing this section of the statute in respect of the manner of assessing special taxation, we said: "The object of the legislature was to provide two modes,—one by special assessment, the other by special taxation of contiguous property,—and the corporate authorities of the city or village might determine, by ordinance, which mode would be adopted." So in *Falch* v. *The People,* 99 Ill. 143, we said: "On turning to the statute it will be seen the legislature, by general law, has vested cities and villages with power to provide for the expense of constructing local improvements by special assessment or by special taxation of contiguous property, and has left it with them to determine which mode shall be adopted." In other cases falling under our observation the improvement has been carried on under special assessment or by special taxation of contiguous property, alone, or combined with general taxation, as we shall see may be done.

But it is urged that the language being, "by special assessment, or by special taxation, or both," the words "or both" authorize the combination of the two modes in making a single improvement. This is a misapprehension of the effect of those words. They were thus placed not to indicate that the two diverse and "distinct systems" may be combined in a single improvement, but, as before said, that improvements may be made in both ways,—by each of the methods indicated. In this sense the words "or both" appropriately occur immediately following the special methods which may be pursued, and add perspicuity to the section. If it was the intention to use these words to produce the effect contended for, why were they, or equivalent words, not placed at the end of the sentence, as in the next section? In the next section, (section 2,) where, as it will be observed, the language is directed to a single improvement, as provided for by ordinance, the words "or both" are placed at the end of the sentence. It is provided that the same ordinance requiring the making of the local

improvement shall "prescribe whether the same shall be made by special assessment or by special taxation of contiguous property, or by general taxation, or both." Here the subject of the particular improvement is in contemplation, and the words "or both" are placed after the enumeration of the methods by which such local improvement is authorized to be made. By the seventeenth section of this article, as construed by this court, (*Enos* v. *City of Springfield, supra,*) special taxation is to be levied, assessed and collected "in the way" provided for assessing and collecting special assessments, so far as the law relating thereto is applicable. By the subsequent provisions of the statute, such as those prescribing the oath of the commissioners and the making and return of the assessment roll, it is contemplated that part of the expense of the improvement may be provided from the general funds of the municipality.

Many cases have found approval in this court where general taxation for part of the improvement has been combined with either special assessment or special taxation of contiguous property, so that it is apparent, independently of the rule which would require that the words "or both" be referred to and held to include the last preceding antecedents, that the city or village is authorized to combine general taxation with special assessment and with special taxation. Indeed, in many cases the improvement would necessarily be abandoned if the excess of its cost over the amount realized by the special method adopted could not be paid from the general revenues of the city or village. That "general taxation" was intended to be included by the use of the word "both," is clear, and when it is considered that "both" is never used as inclusive of or as referring to three or more, and can apply only to two of the matters or subjects previously mentioned, (*Rex* v. *Inhabitants*, 4 B. & A. 710,) it affords conclusive evidence that by the use of the words "or both" the legislature did not intend the combination of special assessment and special taxation.

Worcester defines "both:" "The one and the other; the two."
Webster: "The one and the other; the two; the pair or couple;
without exception of either." These words are not, as seems
to be supposed, used by the legislature inadvertently, but ap-
propriately, and, when properly understood, render the sec-
tions perspicuous and in harmony with the constitution. It
follows that we are of opinion that the court erred in not sus-
taining the first objection interposed to the confirmation of
the assessment roll.

The difficulty apprehended by counsel in levying a special
tax upon the railway in the street proposed to be improved, does
not exist. It is said that the railway "has no frontage" upon
the street, and therefore no tax can be levied thereon when
the levy is according to frontage of contiguous property. The
railway is contiguous to the proposed street improvement, and
falls within the designation of property that may be specially
taxed for the making of the local improvement. (*Railway Co.*
v. *City of Jacksonville,* 114 Ill. 562.) Special taxation should be
based upon, and is justifiable only upon, the basis of benefits
to the property taxed by the making of the improvement for
which it is levied. (*City of Bloomington* v. *Chicago and Alton
Railroad Co.* 134 Ill. 451; *Craw et al.* v. *Tolono,* 96 id. 261;
*White* v. *The People ex rel.* 94 id. 604, and cases cited.) It is
said in the *Bloomington case, supra,* "that the only difference
in special assessment and special taxation as to benefits is,
that in the latter case the determination of the city council is
final,—not an arbitrary, unreasonable determination, but one
which can be seen to be fairly and reasonably made."

It would seem to follow, that all contiguous property should
contribute to the burden of making the improvement,—its
just share and proportion,—and that the municipal authori-
ties may require the railway, so far as its property is con-
tiguous, to pay such portion of the cost as would be just and
reasonable. Whether the railway shall pay for paving be-
tween its tracks, as is sometimes done, or less or more, or

whether the levy will be of a share or portion of the whole cost, and if so, how much, rests in the discretion of the municipal authorities to be reasonably exercised.

Objection two is predicated upon the fact that the commissioners were by the ordinance required to first apportion to the city the cost of paving the street intersections and for curbing, and then to assess benefits accruing to the railway company, and after deducting these two sums from the total estimated cost of the improvement, apportion the balance as a special tax upon contiguous property, according to frontage. The law is well settled that in cases of special taxation the municipal authorities alone have power to, and must, determine and fix, by the ordinance, the amount to be levied. Waiving any question as to the certainty of the amount to be deducted for street intersections and curbing, it must be apparent that the amount to be deducted for benefits to the railway company was left to be determined by a body appointed by another tribunal, and over which the city council had no control. Whether they would assess the benefits at $1000 or $10,000 could not be known until they had acted. Then, after they had made the assessment, it was subject to be raised or lowered, set aside and annulled, and the same or other commissioners be required by the court to re-cast it, so as to make it a just and true assessment of benefits. (*Springfield* v. *Sale et al.* 127 Ill. 359.) Until the final confirmation of the assessment it could not be known what the balance to be levied upon contiguous property would be. In *Sterling* v. *Galt, supra,* we said: "When the cost of a local improvement is to be raised in whole or in part by special taxation, the ordinance itself must either state the sum or give the data by which the commissioners can fix the amount to be raised." While we think the ordinance void for this reason also, it will not be necessary to pursue the subject, for the reason, as we have seen, special assessment and special taxation can not be combined in one and the same local improvement, and the ordinance is therefore void.

Other objections are pointed out which it will be unnecessary to consider.

For the reason given the judgment is reversed.

*Judgment reversed.*

Mr. Chief Justice Bailey took no part in the decision of this case.