## R. B. Rice v. John A. Tolman Co.

1. GUARANTY—*Nature of the Contract.*—A guarantor is bound only by the strict letter or precise terms of the contract of his principal, whose performance he has guaranteed. He is in this respect a favorite of the law; a claim against him is *strictissimi juris.*

2. SAME—*Which Covers Nothing.*—A contract of guaranty which covers nothing, can not be the subject of a recovery.

Assumpsit, on a contract of guaranty. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1895. Reversed. Opinion filed December 2, 1895.

ALBERT H. TYRRELL, attorney for appellant; HENRY M. BACON and HENRY SCHOFIELD, of counsel.

FLOWER, SMITH & MUSGRAVE, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee, a corporation, sued the appellant upon this guaranty:

" CHICAGO, January 10, 1894.

In consideration of the sum of one dollar, and other valuable considerations, received from John A. Tolman Co., the receipt of which is hereby acknowledged, we hereby guarantee the payment to John A. Tolman Co., of any and all moneys collected by Edward W. Otstott for account of John A. Tolman Co., and for all moneys which they may, from time to time, advance to said Edward W. Otstott, and any and all indebtedness now due, or which may hereafter become due John A. Tolman Co., in excess of the amount due said Edward W. Otstott, as per the present or any future agreement between said John A. Tolman Co. and said Edward W. Otstott; and we hereby waive notice of acceptance of this guarantee by John A. Tolman Co., and to accept a verified statement of the account as kept in the regular books of said John A. Tolman Co. as correct and final be-

tween the said company and the said Edward W. Otstott, and without requiring any demand or notice of default; and we agree that any extension may be granted him or any security taken, or security taken surrendered, and any security hereto released at any time without notice or affecting my liability. My liability, however, is limited hereby to two thousand ($2,000) dollars, together with interest at seven per cent per annum until paid, and all costs, attorneys' fees and expenses that shall arise from enforcing collection, and for such amounts this is intended as a continuing guarantee until revoked by notice in writing to me. Any amount which shall become due from me upon this contract of guarantee, we agree to pay at the office of John A. Tolman Co., in Chicago, Illinois.

Witness my hand and seal this 13th day of January, 1894, in the Village of Oxford, and State of Ohio.

R. M. L. HUSTON, Oxford, Ohio.

R. B. RICE, Chicago Lawn, Illinois."

The appellee put in evidence this document:

"John A. Tolman Co., importers and wholesale grocers,
4, 6 and 8 Lake street, and 61, 63, 65, 67, 69
and 71 Michigan Ave.

JOHN A. TOLMAN, Pres't.    F. A. BRAYMER, JR., Treas.
S. A. TOLMAN, V.-Pres't.    A. S. DELAWARE, Sec'y.

CHICAGO, January 25, '94.

This memorandum certifies:

Engaged E. W. Otstott as salesman to solicit orders for goods for us (John A. Tolman Co.), he expending his entire time and energy in faithfully and intelligently rendering such service, for one year from date, or longer, as agreed (or at our option as to time if less time); we are to pay him forty (40) per cent of the profits he makes on the route selling goods for us; he to pay his own expenses and furnish his own sample cases. We to be the final judge of all credit given customers; no order is to be counted as a sale, except order is acceptable to us. On the further condition that he stays the full year's time out, and also stands fifty (50) per cent of any losses that may be incurred from bad debts, or

any expense for collecting difficult accounts on the territory for the time; then when the sales of the year are collected for, we are then to pay an additional ten (10) per cent of the profits (but until that time this ten (10) per cent of the profits is to be held as a guarantee fund for the purpose specified). At the end of the time when the sales of the year shall be collected for, and collections for the sales of the year are all made, and no losses for bad debts have occurred, we are to pay over the ten (10) per cent; but if any losses have occurred, we are to deduct half of the amount of the same from this ten (10) per cent guarantee fund and pay over the balance. But if half of the amount of the losses exceed the amount of the guarantee fund, we are to stand the balance.

Agreed to.                    E. W. OTSTOTT.

The words "in excess of the amount due said Edward W. Otstott" in the guaranty are surplusage, put in parenthetically, and expressing only what would have been implied without them; but tending to confuse the otherwise plain meaning that the next clause—"as per the present or any future agreement between said John A. Tolman Co. and said Edward W. Ottstot"—refers to all the different modes in which Otstott might become liable to John A. Tolman Co., as recited in the preceding clauses.

Thus referring, the clause "as per," etc., is a limitation upon the liability of the guarantors; they are only liable for such liabilities of Otstott to John A. Tolman Co. as accrued under, in pursuance of, or according to the provisions of some agreement between Otstott and John A. Tolman Co. John A. Tolman Co. v. McClure, 10 Ind. App. 28; 37 N. E. Rep. 289.

The words "as per" are a short business method of expressing a meaning for which I have used more words. And such agreement must precede the liability—else the liability could not accrue "as per" the agreement; such an agreement or promise as the law might imply as following a liability of Otstott to John A. Tolman Co. was not what the parties meant and is not within the terms of the guar-

anty. But one agreement to which the words " as per " can refer is shown—that herein copied. Under that Otstott could not become liable to John A. Tolman Co. for anything, unless it might be for samples not accounted for, or damages for not staying a year, which are not claimed. He was only to work and pay his own expenses. His contingent liability for losses was to be satisfied only from his commissions.

Had there been more than one agreement between Otstott and John A. Tolman Co., it might be a question whether the guarantor would be responsible for claims under more than one. " Or " might, in the connection in which it is used in " present or any future agreement," mean " one or the other of two, but not both." Kuehner v. City of Freeport, 143 Ill. 92; 17 Am. & Eng. Ency. of Law, 218.

But nothing of that sort is in the case.

The guaranty covers nothing and the judgment is reversed without remanding. Reversed.