## The Illinois Central Railroad Company

*v.*

## The City of Kankakee.

*Filed at Ottawa January 19, 1897.*

1. Special assessments—*right of way of railroad may be specially assessed.* Railroad right of way is assessable for special benefits arising from a local street improvement.

2. Appeals and errors—*the Supreme Court will not reverse on conflicting evidence.* Where the evidence introduced by an owner to overcome the *prima facie* case of benefits made by the commissioners' report, and that offered by the city, are conflicting, the county court's judgment will be affirmed.

Appeal from the County Court of Kankakee county; the Hon. John Small, Judge, presiding.

On December 18, 1895, appellee, the city of Kankakee, passed an ordinance providing for the improvement, by paving, curbing, etc., of that part of East avenue lying between Court street on the north and Hickory street on the south, to be paid for by a special assessment upon realty specially benefited thereby, so far as the same could be legally assessed, and the balance by general taxation. The part of East avenue involved in this controversy adjoins and runs parallel with the right of way of the railroad of appellant the length of three blocks. At the north end of the proposed pavement East avenue is about fifteen feet higher than the track of appellant, and falls rapidly toward the south, so that one block south, at Merchant street, (which does not extend across the tracks,) both are about on a level. Continuing south to the next cross-street (Station street) the avenue and tracks are nearly on a level, but at Hickory, the third cross-street south, the tracks are higher than the avenue. The station is located opposite Station street. Commissioners were appointed, who estimated the probable cost of the improvement at $11,048.60. The petition of appellee was filed in the county court, and commissioners were appointed to spread the assessment. The total sum thus to be raised was fixed at $9100.60, and the right of way of appellant was assessed at $1500. Upon the return of the assessment appellant filed its objections, which were heard by the court, a jury being waived. Evidence was submitted, and the court found that appellant's realty was not assessed more than it would be benefited, and the objections were overruled. From a judgment against its realty for $1500 the Illinois Central Railroad Company appeals to this court.

W. R. Hunter, for appellant.

164—39

Paddock & Cooper, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

On the trial below appellant submitted to the court thirteen written propositions of law, embodying the law relating to special assessments, all of which the court held except the tenth, which is:

"That under the law and evidence said real property of said company assessed for said improvement will not be specially benefited thereby."

That the railroad right of way relatively situated is assessable for special benefits arising from local street improvements is settled by repeated decisions of this court. (*Kuehner* v. *City of Freeport*, 143 Ill. 92; *Rich* v. *City of Chicago*, 152 id. 18, and cases cited.) Proposition 10, as a proposition of law, was therefore rightly refused. The only question, then, presented by this record for our consideration is one of fact.

Counsel insist that under the evidence herein, to an unprejudiced judicial mind, the proposed improvement will not specially benefit the right of way. Whether or not, as a matter of fact, the property was specially benefited, and if so, the amount of the benefit, was a question for the court under all the evidence. The report of the commissioners, by the express provisions of the statute, made a *prima facie* case for the city. The evidence introduced by appellant to overcome that *prima facie* case and that offered by the city in rebuttal were conflicting, and after carefully considering all the evidence we cannot say that the court erred in its conclusion that the assessment was fair and reasonable.

The judgment of the county court will be affirmed.

*Judgment affirmed.*