(No. 16167.—Judgment reversed.)

THE VILLAGE OF SOUTH JACKSONVILLE, Appellee, *vs.* THE ILLINOIS POWER AND LIGHT CORPORATION, Appellant.

*Opinion filed October 28, 1924.*

1. SPECIAL ASSESSMENTS—*a single improvement cannot be paid for by both special taxation and assessment.* The cost of a local improvement may be paid by either special assessment or by special taxation, but the two methods cannot be combined to provide money to pay the cost of one improvement.

2. SAME—*the amendment of 1895 did not abolish distinction between assessment and special taxation.* The amendment of 1895 to section 35 of the Local Improvement act, providing that in an ordinance the determination of the council that the property will be benefited as much as it is taxed shall not be conclusive but shall be subject to review by the court and tried in the same manner as a special assessment, does not change the law requiring the council to determine the amount the property to be specially taxed will be benefited and does not abolish the distinction between a special tax and a special assessment.

3. SAME—*right of way of street railway does not front or abut on the street.* In a proceeding to pave a street in the center of which are located the tracks of a street railway company, the right of way of the company is contiguous to but cannot be said to front or abut on the improvement.

4. SAME—*when ordinance is void because it provides for both special taxation and assessment.* An ordinance for paving a street in the center of which are located the tracks of a street railway company is void in providing two methods for paying the cost of a single improvement, where it provides that the cost (except the amount assessed against the village) shall be paid by special taxation against the property abutting upon the improvement in proportion to frontage and by taxing the company's right of way "in proportion to the benefits" derived, as the amount of tax against abutting property can only be determined by first ascertaining by the special assessment method the amount of benefits to the right of way. (*Kuehner* v. *City of Freeport,* 143 Ill. 92, followed.)

APPEAL from the County Court of Morgan county; the Hon. PAUL SAMUELL, Judge, presiding.

BURTON & HAMILTON, and BELLATTI, BELLATTI & MORIARTY, for appellant.

William E. Thomson, and John J. Reeve, for appellee.

Mr. Justice Farmer delivered the opinion of the court:

This appeal is prosecuted from a judgment of the county court of Morgan county confirming the assessment of a special tax to pay the cost of paving a half-mile of a public street in the village of South Jacksonville. Appellant operated a street car line in the middle of the street. The total estimated cost of the improvement was $66,313.28, of which amount $15,177.40 was taxed against appellant's right of way, $33,399.34 against private property and $17,736.54 against the village as public benefits. Appellant filed a great many legal objections to the tax against its property, which were overruled. It then objected to the amount taxed against its right of way on the ground that it would not be benefited by the improvement and that it was assessed more than its proportionate share of the cost of the improvement; also that its property would not be benefited, and the assessment against its property was fraudulent and was an attempt to take its property without due process of law, in violation of the constitution. On motion of appellee the court struck from the files the second objection and the latter part of the third. A trial was had by jury on the objection that appellant's right of way would not be benefited by the improvement. The jury found appellant's right of way would be benefited $10,000 and no more. The court denied a motion for a new trial, reduced the amount taxed against appellant's right of way to $10,000 and confirmed the assessment roll, from which judgment this appeal is prosecuted.

Appellant says in its brief that it has raised many points which it believes sound and worthy of consideration, but it concentrates on two points which it considers of more importance and substantially confines its argument to those

points.   They are, that the ordinance providing for the improvement is void, and the verdict of the jury was contrary to and not supported by the evidence.

Section 3 of the ordinance provides that the cost of the improvement shall be "paid by special taxation to be levied upon the property contiguous to and abutting upon the said improvement and upon the right of way of the Illinois Light and Power Corporation contiguous to the said improvement, in the proportion of the frontage and abuttage of each lot, block, tract and parcel of land and property fronting upon the said improvement, except all that portion of the said improvement lying between the outside of the rails of the tracks of the said corporation and for a distance of eighteen (18) inches on the outside of said rails, which shall be paid for by special taxation to be levied upon said right of way of the Illinois Light and Power Corporation as above described and contiguous to said improvement, * * * in proportion to the benefits so derived by said corporation as right of way." The section provided that there should be assessed against the village as public benefits $17,736.54. Appellant contends the ordinance provides for paying the cost of the improvement by a special tax and special assessment combined and is therefore illegal and void. A single improvement cannot be paid for by special taxation and special assessment combined. Its cost may be paid by either method, but the two methods cannot be combined to provide money to pay the costs of one improvement. *Kuehner* v. *City of Freeport,* 143 Ill. 92; *Newman* v. *City of Chicago,* 153 id. 469; *Ronan* v. *People,* 193 id. 631; *City of Chicago* v. *Brede,* 218 id. 528; *Enos* v. *City of Springfield,* 113 id. 65.

The estimated cost of the improvement was $66,313.28. The ordinance provided that the cost of the improvement, plus the cost of making and collecting the assessment, ($625.60,) be paid by special tax to be levied on the property in the proportion of the frontage or abuttage of each lot or tract upon the improvement, except as to the

right of way of appellant contiguous to the improvement
the tax was to be levied in proportion to the benefits to the
right of way.  The difference in the requirements for mak-
ing a local improvement to be paid for by special taxation
and special assessment, and the distinction between the prin-
ciples governing the two methods, have been so fully dis-
cussed heretofore that it is unnecessary to more than cite
some of the cases.  (*City of Sterling* v. *Galt,* 117 Ill. 11;
*Davis* v. *City of Litchfield,* 145 id. 313; *Palmer* v. *City of
Danville,* 154 id. 156; *Lightner* v. *City of Peoria,* 150 id.
80; *Kuehner* v. *City of Freeport, supra.*)  Both forms of
taxes are based on supposed benefits to the property, but
in special taxation the council determines that the property
will be benefited as much as it is taxed.  Prior to the amend-
ment in 1895 of section 35 of article 9, chapter 24, the de-
termination of the council was conclusive.  The amendment
provided that the ordinance should not be conclusive, but
the question of the amount of the benefit of the special tax
should be subject to review by the court and tried in the
same manner as a special assessment.  That amendment did
not change the law requiring the council to determine the
amount the property to be specially taxed would be bene-
fited and did not abolish the distinction between a special
tax and a special assessment.

The ordinance in this case does not determine the
amount required to be raised by special taxation of the
property abutting or fronting on the improvement.  Appel-
lant's right of way is contiguous to but does not front or
abut upon the improvement.  (*Kuehner* v. *City of Freeport,
supra; Lightner* v. *City of Peoria, supra.*)  The ordinance
requires the entire cost of the improvement, except the
amount assessed against the village, to be paid by special
taxation against the property contiguous to and abutting
upon the improvement, in the proportion of the frontage
or abuttage of each lot or tract fronting upon the improve-
ment, except as to the right of way of appellant the special

tax should be levied on that part of it contiguous to the improvement, "in proportion to the benefits so derived" by appellant. That seems clearly to be a combination of the two methods—special taxation and special assessment—of paying the cost of the improvement. The ordinance does not direct what amount shall be taxed, in proportion to frontage, to property abutting the improvement. That could only be determined by the commissioners first determining the amount of benefits appellant's right of way will receive, if any, and deducting that sum from the total amount directed to be taxed against private property and appellant's right of way. No method is provided for determining that amount except by first ascertaining the amount of benefits to appellant's right of way by the special assessment method, and then spreading the balance of the cost against property abutting the improvement, according to frontage, by the special tax method. The ordinance considered in *Kuehner* v. *City of Freeport, supra,* directed that the cost of the improvement be paid for partly by general tax against the city, and for the remaining cost the street railway company should be assessed to the extent it would be benefited and a special tax levied against abutting and contiguous property. The ordinance directed that the street railway company be assessed to the extent it would be benefited by the improvement, and the special tax to pay the balance of the cost of the improvement be levied upon the lots and tracts in proportion to the respective frontage of the lots and tracts. The court held the ordinance void as combining special assessment and special taxation, and also because it left to the determination of the commissioners the amount to be levied as a special tax against abutting private property. The ordinance considered in that case and the ordinance in this case are so nearly alike in principle that it would seem that case is conclusive of this case.

We cannot agree to appellee's contention that the words "in the proportion of the frontage," and "in proportion to

the benefits so derived," in the ordinance, should be rejected as superfluous.

We do not deem it necessary to discuss the other questions, as the judgment must be and is reversed for the reasons stated.

*Judgment reversed.*