THE PEOPLE *ex rel.* City of Chicago

*v.*

FRED·W. UPHAM *et al.*

*Opinion filed April 17, 1906—Rehearing denied June 7, 1906.*

1. TAXES—*tunnels constructed under streets are taxable as real property.* Tunnels constructed under the streets of a city by private corporations by virtue of the authority of ordinances are not mere "rights and franchises" of the corporations, but are within the designation of "real property" as used in the statute, even though the fee of the streets is in the city, and should be assessed for taxation by the local assessors, or by the board of review if omitted by the assessors.

2. SAME—*it is duty of board of review to assess property independently of its ownership on April 1.* A petition for *mandamus* to compel a board of review to assess as omitted property tunnels owned by private corporations is not defective in failing to allege ownership by such corporations on the first day of April, since it is the duty of the board to assess taxable omitted property regardless of the question of its ownership on that date.

3. MANDAMUS—*city has power to file petition to compel assessment of omitted property.* A city is interested in the amount of tax to be raised therein, and may file a petition for *mandamus* to compel the board of review to assess property within the city which the local assessors have omitted.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

JAMES HAMILTON LEWIS, Corporation Counsel, (ELIJAH N. ZOLINE, of counsel,) for appellant:

Tunnels owned by private corporations are taxable as real property, and the fact that the fee is in the street does not affect the right of taxation. Starr & Cur. Stat. 1896, chap. 120, sec. 60, par. 1.

There is an important distinction between a franchise granting a certain monopoly and the mere charter right to exist as a corporation, for all corporations in this State pay a franchise tax for the right granted them by the State to exist

as a corporation, whereas all tangible property of corporations is assessed by the local assessors. *Fietsam* v. *Hay,* 122 Ill. 293; *People* v. *O'Hair,* 128 id. 22.

All tangible property in Cook county not exempt by law is subject to assessment by the board of assessors, and when property subject to assessment by the board of assessors has been omitted it becomes the duty of the board of review to assess the property so omitted. *Sellars* v. *Barrett,* 186 Ill. 468; *People* v. *Sellars,* 179 id. 176; *Pratt* v. *Raymond,* 188 id. 471; *Ellis* v. *People,* 199 id. 553.

The ordinance of the city of Chicago granting the right of user in streets and to construct tunnels is not a franchise but a mere license, and therefore the tunnels are taxable by the local assessors. *Chicago* v. *Rothschild,* 212 Ill. 592; *Railway Co.* v. *People,* 73 id. 541; *Railway Co.* v. *Chicago,* 90 id. 573; *Chicago* v. *Baer,* 41 id. 306; *Kuehner* v. *Freeport,* 143 id. 92; *Railroad Co.* v. *Chicago,* 176 id. 571; *Lightner* v. *Peoria,* 150 id. 80; *Billings* v. *Chicago,* 187 id. 337.

The board of review can be compelled by *mandamus* to assess omitted property subject to assessment. *State Board* v. *Goggin,* 191 Ill. 528; *Loewenthal* v. *People,* 192 id. 229; *Beidler* v. *Kochersperger,* 171 id. 563; *Kinley Manf. Co.* v. *Kochersperger,* 174 id. 379; *Kochersperger* v. *Larned,* 172 id. 86; *Clock Co.* v. *Kochersperger,* 175 id. 383; *Felsenthal* v. *Johnson,* 104 id. 21.

FRANK L. SHEPARD, for appellees Upham, Meacham, West and the Board of Review:

The General Assembly has provided for the valuation and assessment of all property of the estate through the tribunals established by it. It has created the local assessors— the board of assessors and board of review in Cook county— for the assessment of all tangible property and the State Board of Equalization for the assessment of the intangible property of corporations. The property in question, the franchise right of user in the streets, is intangible property

and is in the jurisdiction of the State Board of Equalization for assessment, and not in the jurisdiction of the local assessors. Revenue act, sec. 3, par. 4, and secs. 32, 33, 108; *Hotel Co.* v. *Lieb,* 83 Ill. 602; *Railroad Co.* v. *Weber,* 96 id. 443.

The franchise of a corporation is the right or privilege of being a corporation and doing such things as are authorized by the corporation's charter. The franchise of the Illinois Tunnel Company is the right or privilege of being a corporation and of constructing and occupying tunnels in the streets of the city of Chicago and conducting therein the business specified in the charter. *People* v. *Railroad Co.* 178 Ill. 594; *Goddard* v. *Railway Co.* 202 id. 362; *Glass Co.* v. *McCaleb,* 81 id. 556; *Illinois Railroad Tax Cases,* 92 U. S. 575; *Davis* v. *Mayor,* 14 N. Y. 506.

The cement walls built into the street beneath the surface thereof, preserving the excavations made, which constitute the tunnel in question, and protecting the street, became and are a part of the street, the fee belonging to the public, and are not the property of the defendant company. 4 Ill. Cyc. Dig. 795; 1 Tiffany on Real Prop. 535; *Dooley* v. *Crist,* 25 Ill. 551; *Kaestner* v. *Day,* 65 Ill. App. 623; *Moore* v. *Cunningham,* 23 Ill. 328; *Williams* v. *Chicago Exhibition Co.* 188 id. 19; *Baker* v. *McClurg,* 96 Ill. App. 165; *Sword* v. *Low,* 122 Ill. 487.

SEARS, MEAGHER & WHITNEY, (NATHANIEL C. SEARS, and JAMES F. MEAGHER, of counsel,) for appellees Illinois Telephone and Telegraph Co. and Illinois Tunnel Co.:

The petition for *mandamus* filed by the relator is fatally defective in that it fails to state that the property in question was owned by either the Illinois Telephone and Telegraph Company or the Illinois Tunnel Company on April 1, 1905. *People* v. *Winkelman,* 95 Ill. 412; *Biggins* v. *People,* 96 id. 381.

No substantial rights of the city of Chicago are affected either by granting or denying this writ, and it is therefore

not a proper relator. *Gormley* v. *Day,* 114 Ill. 189; *North* v. *Trustees,* 137 id. 301; *People* v. *Masonic Ben. Ass.* 98 id. 637; *People* v. *Supervisors,* 47 id. 256; Hurd's Stat. 1903, Revenue act, sec. 328.

Assuming that the petition contained proper averments and assuming that the city of Chicago was a proper relator, still the petition must be denied because the tangible portion of the tunnels is not the property of the respondent and the intangible portion is not assessable by the board of review. *Railroad Co.* v. *Commissioners of Taxes,* 23 Hun, 687; *Hotel Co.* v. *Lieb,* 83 Ill. 602; Hurd's Stat. 1903, chap. 120, secs. 3, 32.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a petition for a writ of *mandamus,* filed in the circuit court of Cook county upon the relation of the city of Chicago, against Fred W. Upham and others, constituting the board of review of Cook county, and the Illinois Telephone and Telegraph Company and the Illinois Tunnel Company, to compel the said board of review to assess, for the purposes of taxation, certain tunnels constructed beneath the surface of certain public streets situated in the city of Chicago, averred to have been omitted by the board of local assessors from assessment for taxation.

The petition averred that said telephone and telegraph company and tunnel company are corporations organized under the laws of the State of Illinois, and that said corporations are the owners of and in possession of certain tunnels located in the city of Chicago, which tunnels are constructed beneath the surface of the public streets in said city by virtue of certain ordinances of said city which authorize said corporations to maintain said tunnels for the period of thirty years, and which tunnels, at the expiration of said period, may become the property of the city of Chicago, (copies of which ordinances were attached to the petition,) and in which tunnels the said corporations carry on their corporate

business, and that said tunnels have been excavated of uniform size, and within the same cemented and walled so as to make a complete structure; that the minimum length of said tunnels is thirty-two and the maximum length forty-five miles, and that they are approximately of the value of $10,-000,000; that a demand was made upon said board of review by the city of Chicago that it assess said tunnels for the purposes of taxation, but it declined so to do. A demurrer was sustained to the petition, and the same was dismissed, and the city has prosecuted an appeal to this court direct, on the ground the revenue is involved.

The appellees concede said tunnels are subject to assessment for taxation, but contend, as they are constructed in the public streets of the city, the only interest which the telephone and telegraph company and the tunnel company have therein is an intangible right of user, and that such interest should be assessed by the State Board of Equalization, and not by the board of local assessors.

The constitution of this State provides that all property in the State, unless it is expressly exempted from taxation, shall be assessed for the purposes of taxation and be taxed, and it has been provided by statute that the intangible property,—that is, the capital stock and franchises,—of corporations similar to the telephone and telegraph company and the tunnel company shall be assessed by the State Board of Equalization, and that the tangible property,—that is, the real and personal property of such corporations,—shall be assessed by the board of local assessors; and real property, for the purposes of assessment for taxation, is defined by the statute to be "not only the land itself, whether laid out in town or city lots, or otherwise, with all things contained therein, but also all buildings, structures and improvements, and other permanent fixtures, of whatsoever kind, thereon, and all rights and privileges belonging or in anywise pertaining thereto, except where the same may be otherwise denominated by this act." (Hurd's Stat. 1903, chap. 120,

sec. 292, par. 12.) And while it is true the title to the streets of Chicago is in the city, the telephone and telegraph company and the tunnel company, by virtue of said ordinances, clearly have "rights and privileges" belonging and pertaining to the soil in which the tunnels are constructed, separate and apart from the fee of the streets, which rests in the city.

The evident purpose of the law is, that all the property of said telephone and telegraph company and tunnel company situated in this State should be assessed for the purposes of taxation, and these tunnels in which they operate and carry on their business are the most valuable asset of said corporations. They are located in the city of Chicago, are tangible in form, and have the same separate existence from the land in which they are constructed that a bridge, a pier or a railroad track has from the land upon which it is constructed, and we see no reason why said tunnels, within the meaning of the law providing for the assessment of real property, do not constitute "rights and privileges" in lands which may be and should be assessed, for the purposes of taxation, by the board of local assessors, as real property. Judge Cooley, in his work on Taxation, in discussing the assessment of real property for the purposes of taxation, says (p. 368) : "It is entirely competent to provide for the assessment of any mere possessory right in lands, whether they be lands owned by private individuals or by the government." In *People ex rel. v. Commissioners of Taxes,* 101 N. Y. 322, the question was presented for decision whether the tunnels of the New York and Harlem Railroad Company under Fourth avenue, in the city of New York, were subject to assessment for taxation as real property, and the Court of Appeals, reversing the judgment of the Supreme Court of that State, held said tunnels, within the meaning of the statutes of that State providing for assessments for taxation, were real property, and as such liable to assessment for taxation, although the city bore a part of the cost of construction of said improvement. The

statute of that State defining real property for the purposes of taxation is no broader than the statute of this State, and that case is a direct authority upon the question here involved, and fully supports the position of appellant that said tunnels, for the purposes of assessment for taxation, should be treated and assessed as real property. And in *People ex rel.* v. *Commissioners of Taxes,* 82 N. Y. 459, it was held the foundations, columns and superstructures of an elevated railroad in a public street in the city of New York were properly assessed as real property. And in *Smith* v. *Mayor,* 68 N. Y. 552, that a pier constructed upon land in New York harbor which belonged to the city was properly assessed as real property. And in *People ex rel.* v. *Board of Assessors,* 93 N. Y. 308, that the fact that the lessor had the right to acquire the property at the expiration of the lease did not affect the right to assess the property as real property against the lessee during the term of the lease, and that an improvement made upon the land might be assessed for taxation although the land was exempt.

We are of the opinion the tunnels belonging to said corporations fall within the designation "real property," as used in the statute providing for the assessment of real property for the purposes of taxation, and should have been assessed as such by the board of local assessors, and the board of local assessors having failed to make such assessment, it was the duty of the board of review to have assessed said tunnels as real property. And the fact that the tunnels are situated in the public streets of the city of Chicago and that those streets are not subject to assessment for taxation does not, we think, defeat the right of the board of local assessors, or, in case it fails to do its duty, the board of review, to assess said tunnels.

It is urged the demurrer was properly sustained to the petition as it did not allege the telephone and telegraph company and the tunnel company were owners of said tunnels on April 1, 1906. This was not a proceeding to obtain judg-

221—36

ment for the amount of taxes, as were the cases of *People* v. *Winkelman,* 95 Ill. 412, and *Biggins* v. *People,* 96 id. 381, relied upon by the appellees, but to require the board of review to perform its duty by assessing said tunnels, and it was the duty of said board, the board of local assessors having omitted to perform its duty, to assess said tunnels regardless of who were the owners thereof on the first day of April, 1906, and the city of Chicago was interested in the amount of the tax to be raised and the petition was properly filed upon its relation, (*St. Louis Bridge Co.* v. *People ex rel.* 128 Ill. 422,) and the court had power, by *mandamus,* to direct the board of review to perform its duty by making an assessment of said tunnels. *State Board of Equalization* v. *People ex rel.* 191 Ill. 528.

We are of the opinion the court erred in sustaining the demurrer to the petition. The judgment of the circuit court will therefore be reversed and the cause remanded to that court, with directions to proceed in accordance with the views herein expressed. *Reversed and remanded.*