THE PEOPLE OF THE STATE OF NEW YORK ex. rel. BUFFALO AND LAKE ERIE TRACTION COMPANY, Respondent, *v.* THE STATE BOARD OF TAX COMMISSIONERS, Appellant.

(City of Dunkirk.)

Tax — pavement between and adjacent to street railroad tracks — when such pavement is not liable to special franchise tax.

Although the cost of paving may properly be considered by the assessing officers in arriving at the value of the *intangible* privilege enjoyed by a corporation in occupying the streets, the pavement which a street railroad corporation is obliged to construct and

maintain between and near its tracks, under what is now section 178 of the Railroad Law (Cons. Laws, ch. 49), is not to be treated as tangible property of the corporation in assessing the value of its special franchise under the Tax Law (Cons. Laws, ch. 60, § 2, subd. 3).

*People ex rel. Buffalo & L. E. Traction Co.* v. *Tax Comrs.*, 156 App. Div. 923, affirmed.

(Argued November 17, 1913; decided December 16, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 30, 1913, which affirmed an order of Special Term reducing a special franchise tax assessed against the relator in the city of Dunkirk for the year 1911.

The facts, so far as material, are stated in the opinion.

*Thomas Carmody, Attorney-General* (*C. R. McSparren* of counsel), for appellant. The state board of tax commissioners properly included the value of the pavement in the assessment. (*People ex rel. M. S. Ry. Co.* v. *Tax Comrs.*, 174 N. Y. 417; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury*, 203 N. Y. 167; *People ex rel. D. & F. R. R. Co.* v. *Cassity*, 46 N. Y. 46; *People ex rel. N. Y. El. R. R. Co.* v. *Comrs. of Taxes*, 82 N. Y. 459; *People ex rel. N. Y. & H. R. R. Co.* v. *Comrs. of Taxes*, 101 N. Y. 322; *People ex rel. M. S. Ry. Co.* v. *Tax Comrs.*, N. Y. L. J., Nov. 27, 1912; *People ex rel. Q. C. Water Co.* v. *Tax Comrs.*, 142 N. Y. Supp. 180; *People ex rel. K. C. L. Co.* v. *Willcox*, 156 App. Div. 603.)

*Edward H. Letchworth* for respondent. The defendant wrongfully included the value of the pavement, which the relator is compelled to lay and maintain, in the assessment of its tangible property. (*City of Amsterdam* v. *F., etc., R. R. Co.*, 119 App. Div. 680; *City of Rochester* v. *Rochester Ry. Co.*, 182 N. Y. 99; *City of New York* v. *N. Y. C. Ry. Co.*, 132 App. Div. 156; *Swift* v. *B. H. R. Co.*, 134 App. Div. 134; *Binninger* v. *City of New York*, 177 N. Y. 199.)

WILLARD BARTLETT, J.   This appeal presents the question whether the pavement which a street railroad corporation is obliged to construct and maintain between and near its tracks is to be treated as tangible property of the corporation in assessing the value of its special franchise.

The appellant contends that this court has already decided the question in the affirmative; and that in any event it ought to follow several decisions in which the Special Term and the Appellate Division of the Supreme Court have held that such pavement was to be deemed part of the tangible property of the corporation.

We must first, therefore, consider whether the question is still an open one in this court.

The case in which it is said to have been decided is *People ex rel. N. Y. Central & Hudson River R. R. Co.* v. *Woodbury* (203 N. Y. 167).

There is nothing on the face of the opinion in that case to indicate that the question was involved therein.

The attorney-general, however, argues that it must have been decided because the record on appeal shows that the Special Term refused to find that the planking and paving between and adjacent to the tracks of the relator were "not the property of the relator," but were "public property," and the relator excepted to the refusal thus to find; but that, nevertheless, the contention raised by this exception was overruled in the Court of Appeals without discussion.   It does not seem to me that the request could have suggested to the mind of the court the question which is involved in the present case.   It might have done so if it had appeared that the state board of tax commissioners had treated the planking and paving as part of the relator's tangible property in assessing its special franchise tax; but I can find nothing in the record on appeal to indicate that such was the fact. I conclude, therefore, that the ruling was deemed immaterial, under the circumstances, inasmuch as it was not

shown to have been harmful to the relator.   If this view is correct, there appears to be no previous decision of this court which can preclude a consideration and determination of the question on its merits.   Of course, the decisions of the Supreme Court are not controlling, although they are entitled to the highest degree of respect.

The statutory provision requiring the inclusion of the tangible property of a corporation in its special franchise is as follows: "A special franchise shall be deemed to include the value of the tangible property of a person, copartnership, association or corporation situated in, upon, under or above any street, highway, public place or public waters in connection with the special franchise. The tangible property so included shall be taxed as a part of the special franchise.   No property of a municipal corporation shall be subject to a special franchise tax." (Tax Law, § 2, subd. 3; Laws of 1909, ch. 62; Cons. Laws, ch. 60.)

The pavement in question has been constructed and maintained pursuant to the provisions of section 98 (now section 178) of the Railroad Law (Cons. Laws, ch. 49) which reads in part as follows: "Every street surface railroad corporation so long as it shall continue to use any of its tracks in any street, avenue or public place in any city or village shall have and keep in permanent repair that portion of such street, avenue or public place between its tracks, the rails of its tracks, and two feet in width outside of its tracks, under the supervision of the proper local authorities, and whenever required by them to do so, and in such manner as they may prescribe."

There is nothing in this language which suggests the idea that a corporation to which it applies is to become the owner of any part of a street, avenue or public place which it keeps in repair in compliance with the mandate of the statute.   It would be a strange arrangement, indeed, which should vest part of the ownership of a street pavement in a municipal corporation and part in

a street railroad company. I think such could not have been the intent of the legislature. As was declared by Chief Judge CULLEN in *City of Rochester* v. *Rochester Railway Co.* (182 N. Y. 99, 112) the provision of the Railroad Law requiring street surface railroad companies to pay the cost of paving between their tracks and for two feet outside thereof is an exercise of the taxing power. The tax is paid in the form of paving and other materials for street construction. Having required the corporation thus to contribute to the general public welfare, the legislature could not have intended to impose a tax upon the tangible property so contributed. The materials which go into the paving are really purchased by the railroad company and turned over to the municipality for the benefit of the community at large. The railroad company derives no special or peculiar benefit from the construction of the pavement; indeed it is a burden rather than a benefit.

The position assumed by the relator is that while the payments for pavements may properly be considered, with other taxes imposed as a condition of doing business, in estimating the value of the intangible right to occupy the street, the pavement itself cannot be regarded as tangible property of the railroad corporation. I think this is the correct view. The price which the railroad company is willing to pay to lay down and maintain the statutory pavement is some evidence of the value of the intangible right to operate the railroad in the street and may, therefore, properly be considered by the state board of tax commissioners in ascertaining the value of such special franchise; but in so considering the cost the board is not to treat the pavement as constituting any part of the tangible property of the railroad company, inasmuch as it does not belong to the structure of the railroad and is not necessary for its operation.

Two Special Term decisions to the contrary are cited in the brief of the attorney-general. (*People ex rel.*

*Joline* v. *Tax Commrs.*, N. Y. Law Journal, Nov. 27, 1912; *People ex rel. Metropolitan Street Railway Co.* v. *Tax Commrs.*, N. Y. Law Journal, Nov. 27, 1912.) As to these it is only necessary to say that we do not agree with the conclusions reached therein, so far as they support the view that paving laid down under the statute is to be deemed tangible property of the corporation for the purpose of assessing the value of its special franchise. The same is true of the Appellate Division cases also cited in behalf of the appellant. (*People ex rel. Queens Co. Water Co.* v. *Tax Commrs.*, 142 N. Y. Supplement, 180; *People ex rel. Kings Co. L. Co.* v. *Willcox*, 156 App. Div. 603, 610.)   As has already been pointed out the cost of paving may properly be considered by the assessing officers in arriving at the value of the *intangible* privilege enjoyed by the corporation in occupying the streets; but the pavement is not to be treated as the tangible property of the railroad company in making up the assessment or included therein as an item of the company's tangible property.

By a stipulation between the parties in the present case it appears that the value of the relator's intangible special franchise and the valuation at which the same was included in the assessment is $12,000; and further, that the assessment includes an item of $16,000 tangible property, representing the present depreciated value of the pavement between the tracks of the relator and for two feet outside of said tracks.   The courts below were, therefore, right in holding that this latter item was improperly included in the assessment and should be deducted therefrom.

The order appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HISCOCK, COLLIN and MILLER, JJ., concur; CHASE, J., dissents.

Order affirmed.