THE PEOPLE OF THE STATE OF NEW YORK ex rel. BUFFALO
AND LAKE ERIE TRACTION COMPANY, Appellant, *v.* THE
STATE BOARD OF TAX COMMISSIONERS, Respondent.

(Town of Westfield.)

*Tax* — special franchise tax upon railroad viaduct constructed
by railroad company under contract with town authorities.

Where a railroad company constructed a viaduct pursuant to an
agreement with the town in which it is located, under which the
cost was apportioned between them, and the company undertook
"to maintain, repair and if necessary reconstruct said bridge, via-
duct and approaches, and each and every part thereof during the
term of the franchise," and it appears that the viaduct or some
structure of like character is essential to the operation of the rail-
road, the viaduct is part of the tangible property of the company,
and taxable as a part of its special franchise, although the public
enjoy a joint right of user therein.

*People ex rel. Buffalo & L. E. Traction Co.* v. *Tax Comrs.*, 156
App. Div. 466, affirmed.

(Argued November 17, 1913; decided December 16, 1913.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
April 30, 1913, which reversed, so far as appealed from,
an order of Special Term reducing a special franchise
tax assessed against the relator in the town of Westfield
for the year 1911, and confirmed said assessment as reduced
for equalization.

The facts, so far as material, are stated in the opinion.

*Edward H. Letchworth* for appellant. The amount
contributed by the relator for the construction of the
Westfield viaduct did not justify the defendant in assess-
ing that viaduct to the relator as a part of its tangible
property. (*People ex rel. N. F. H. P. & M. Co.* v. *Tax
Comrs.*, 202 N. Y. 426.)

*Thomas Carmody, Attorney-General (C. R. McSpar-ren* of counsel), for respondent.   The investment of the appellant in the so-called Westfield viaduct was a proper element to be considered by the state board of tax commissioners in valuing the special franchise herein.   (*People ex rel. M. R. Co.* v. *Woodbury,* 203 N. Y. 231; *People ex rel. N. Y. El. R. R. Co.* v. *Comrs. of Taxes,* 82 N. Y. 459; *People ex rel. N. Y. & H. R. R. Co.* v. *Comrs. of Taxes,* 101 N. Y. 322; *People ex rel. N. F. H. P. & M. Co.* v. *Tax Comrs.,* 202 N. Y. 426; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury,* 74 Misc. Rep. 130; 145 App. Div. 900; 203 N. Y. 167; *People ex rel. H. & M. R. R. Co.* v. *Tax Comrs.,* 203 N. Y. 119.)

WILLARD BARTLETT, J.   The state board of tax commissioners assessed the special franchises of the relator in the town of Westfield, Chautauqua county, for the year 1911 at a valuation of $130,000.   This is a proceeding to review that assessment.   In making it the state board included an item of $12,656 tangible property representing the depreciated value of the pavement between the tracks of the relator's railroad and for two feet outside of such tracks, laid down and maintained by the relator pursuant to the requirements of the Railroad Law.

For the reasons stated in the opinion in the case of *People ex rel. Buffalo & Lake Erie Traction Co.* v. *State Board of Tax Comrs., City of Dunkirk Special Franchise Assessment* (decided herewith) we think this pavement should not have been treated as tangible property of the railroad company, in assessing the value of its special franchise.   There is a stipulation in the present case, however, which shows that this error constitutes no grievance on the part of the relator.   It is stipulated that the value of the relator's property in the streets, after allowing for depreciation, is $152,723.45, including the pavement.   If we deduct the $12,656 erroneously included on account of the pavement considered as tangible prop-

erty of the relator, there remains $140,067,45, being upwards of $10,000 more than the relator has been assessed. We agree with the Appellate Division that the relator has failed to show that it is injured by the assessment, having virtually conceded by the stipulation that the entire assessment, omitting the pavement, ought to be larger than it is.

This appeal, however, involves another question, relating to a viaduct constructed by the relator across Chautauqua creek in the town of Westfield. The relator contends that the state board of tax commissioners erred in treating this bridge and the approaches thereto as tangible property of the railroad corporation. We think that the legal status of the viaduct differs radically from that of the inter-track pavement, and that the state board was right in considering it as tangible property belonging to the relator, for the purpose of assessing the special franchise tax. The viaduct was built by the relator pursuant to a contract with the town of Westfield which provided that the cost thereof to the town should not exceed $35,000, while the relator was to expend at least $95,000 in the construction; and the relator undertook " to maintain, repair and if necessary reconstruct said bridge, viaduct and approaches, and each and every part thereof during the term of the franchise " of the relator, which is ninety-nine years from the first day of July, 1903. Although the contract is carefully drawn so as to declare. that the structure is at all times and for all purposes to be deemed a public highway, it is nevertheless manifest that the viaduct, or some structure of like character in the same locality, is essential to the operation of the relator's railroad there — just as. necessary, as was pointed out by the learned justice who heard the case at Special Term, as are the ties laid in a street to support its rails. The viaduct is none the less a part of the tangible property of the railroad company, because the public enjoy a joint right of user. The fact that many of the

wharves and piers on the New York city waterfront are public highways does not prevent these structures from being deemed private property in other aspects and for different purposes.

We approve of the disposition which was made of this case by the Appellate Division and think that the order appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HISCOCK, COLLIN and MILLER, JJ., concur; CHASE, J., concurs in result.

Order affirmed.