THE CITY OF ANNA, Appellant, *vs.* DANIEL NORTHERN *et al.* Appellees.

*Opinion filed February 21, 1914.*

1. SPECIAL ASSESSMENTS—*property of a street railway company may be benefited by street improvement.* The tracks, franchise and right of occupancy of a street railway company in the street are property which may be specially benefited by the improvement of the street and be required to bear a just proportion of the expense of such improvement according to the benefits received.

2. SAME—*city may agree with street railway company that latter shall pave portion of street.* A city may lawfully enter into an agreement with a street railway company requiring the company to pave, maintain and repair certain specified portions of the street in which the tracks are laid, in consideration of the rights and privileges granted by the city.

3. SAME—*when city cannot include street railway right of way in paving ordinance.* Where a contract exists between a city and a street railway company requiring the latter to pave the portion of the street occupied by it at its own expense, the city has no right to include that portion in an ordinance providing for the paving of the street and the levy of a special assessment to pay for the cost of the improvement, including such portion.

4. SAME—*rule where no contract exists requiring a street railway company to pave.* Where no contract exists between a city and a street railway company requiring the company to pave the portion of the street occupied by it, the city may pass an ordinance for the paving of the whole roadway of the street by special assessment and charge against the property of the company its just proportion of the cost of the improvement according to the benefits it receives.

5. SAME—*ordinance construed as requiring street railway company to pave.* A provision in an ordinance granting street privileges to a street railway company, that "the parties operating said railroad shall keep the space between said rails, and one foot on each side of the outer sides thereof, in good and safe condition and repair, with the same material used on the remainder of said streets by said city, or other good material that may be approved by the city council of said city," amounts to an agreement that the street railway company shall pave its portion of the street when the city paves the remainder.

APPEAL from the County Court of Union county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

J. E. N. EDWARDS, City Attorney, (A. H. BAER, of counsel,) for appellant.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the county court of Union county refusing confirmation of and dismissing the petition filed for a special assessment to improve Main and Franklin streets, in the city of Anna. Union and Franklin streets are occupied, in part, by a single-track electric street railway owned and operated by the Union County Traction and Power Company. These streets have never been paved. The street railway was constructed in said

streets in 1904 and has been continuously in operation since that date. On February 3, 1913, the city council of Anna passed an ordinance for the paving of Main and Franklin streets with brick upon a concrete foundation and for the curbing and grading of those streets. The ordinance for this improvement provided for the paving of the streets for their entire width, including the portion of said streets occupied by the street railway as well as the portions on either side of said track. The total cost of the improvement was estimated to be $65,669.75. Special benefits were assessed upon the "tracks, property, franchises and right of occupancy of the Union County Traction and Power Company, and its successors and assigns, in the sum of $7651.80." Certain property owners, not including the street railway company, filed numerous objections to the confirmation of said assessment, one of which was that the ordinance was void, and the court therefore without jurisdiction to proceed thereunder, for the reason that the ordinance provided for the paving of the entire roadway of said streets, when under the ordinance granting the street railway company the right to occupy said streets with its railway tracks the street railway company contracted with the city of Anna to pave that portion of said streets between the rails of said railway track and for the space of one foot on the outside of each of said rails, and to keep the same in good repair and safe condition, with the same material that was used by the city on the remainder of said streets. This objection was sustained by the county court and a confirmation of the assessment refused and the petition dismissed. The case is brought to this court by appeal of the city of Anna.

Section 3 of the ordinance granting the street car company permission to occupy with its tracks the streets in question is as follows: "The said street railway to be constructed aforesaid shall be a single-track railway laid of steel T-rails, standard gauge, said rails to weigh not less than forty pounds to the linear yard, and to be so laid as

to conform to the grade of said streets or public places as
the same are now or may hereafter be established and as
near the center of said streets as possible, and so laid upon
the same that the top of said rails shall be flush with the
grade aforesaid, and constructed and maintained in such
manner as that vehicles may cross and re-cross at any part
thereof without unnecessary inconvenience; and the par-
ties operating said railroad shall keep the space between
the said rails, and one foot on each side of the outer sides
thereof, in good and safe condition and repair, with the
same material used on the remainder of said streets by the
said city, or other good material that may be approved by
the city council of said city." This ordinance was accepted
by the street car company, and under it said company has
occupied said streets with a single-track street railway.

The following propositions are established law in this
State:

(1) The tracks, franchise and right of occupancy of a
street railway company upon the streets of a city are prop-
erty which may be specially benefited by a street improve-
ment, and as such required to bear a just proportion of
the costs of such improvement according to the benefits re-
ceived. *West Chicago Street Railroad Co.* v. *City of Chi-
cago,* 178 Ill. 339; *Lake Street Elevated Railroad Co.* v.
*City of Chicago,* 183 id. 75.

(2) A city may lawfully enter into an agreement with
a street railway company requiring such street railway com-
pany to pave, maintain and repair certain specified portions
of the street in which its tracks are laid, in consideration
of the rights and privileges granted to such street railway
company. *McChesney* v. *City of Chicago,* 213 Ill. 592;
*Village of Madison* v. *Alton, Granite and St. Louis Trac-
tion Co.* 235 id. 346; *City of Lincoln* v. *Harts,* 250 id. 273.

(3) When such contract exists by which a street rail-
way company has contracted to pave a portion of a street
at its own expense, the city has no right to include that

portion in an ordinance providing for the paving of such street and to levy a special assessment to pay for the cost of the improvement, including that portion which under the contract should be paved by such street railway company. *Kuehner* v. *City of Freeport,* 143 Ill. 92.

(4) If there be no contract between the city and the street railway company, then said city may pass an ordinance for the improvement of the street occupied by such railway company and provide for a special assessment to pave the entire roadway, charging against the street railway property its just proportion of the cost of such improvement according to the benefits it receives. See cases above cited.

The question involved depends upon the construction to be given to section 3 of the ordinance above recited, under which the street railway constructed its lines on the streets in question. The court below held that the ordinance contemplated that the street railway company should maintain that part of the streets between its rails, and one foot on the outer side of the same, in the same condition and with the same material that was used by the city on the remainder of the streets, and that in view of the condition existing at the time the ordinance was passed it meant that the street railway company was under contract to pave its portion of said streets with the same material and in the same manner as the city might thereafter elect to use on the remainder of the streets. This, we think, is the fair and reasonable interpretation of the ordinance. When it is remembered that at the time the ordinance was passed and accepted by the street railway company these streets had no paving of any kind and never had had, it was manifestly the intention of both parties to the contract that whenever the city decided to pave said streets the street railway company would place that portion between the tracks and on the sides thereof in the same condition and with the same material as used by the city on the remainder of the streets.

This duty could not be discharged by the railway company without paving in the same manner and with the same material that the city used upon the balance of the street.

The court below properly held that .the ordinance requiring the entire roadway to be paved by special assessment was void, and its judgment will accordingly be affirmed.

<div align="right">

*Judgment affirmed.*