THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant, Respondent, *v.* THE STATE BOARD OF TAX COMMISSIONERS, Respondent, Appellant, and the CITY OF POUGHKEEPSIE, Respondent, Appellant.

Third Department, July 2, 1917.

**Tax — bridges crossing highway for sole benefit of community not assessable as part of special franchise — assessment for original street crossed by company after its relocation.**

Overhead bridges which are entirely unnecessary for the operation of a railroad, but which have been established and are maintained by it absolutely for the benefit of the community and the traveling public pursuant to statute, are not tangible property taxable as a part of the special franchise, within the meaning of subdivision 3 of section 2 of the Tax Law.

Where land has been acquired adjacent to the right of way of a railroad company and a street which it crossed has been relocated on said land and accepted by the city, which took action approving the plans for relocating and restoring said street and for more than fifty years has acquiesced in the relocation, said company should not be assessed for a special franchise in the original street.

CROSS-APPEALS by the relator, The New York Central and Hudson River Railroad Company and by the defendant, The State Board of Tax Commissioners, and the intervenor,

422   People ex rel. N. Y. C. & H. R. R. R. Co. *v.* Tax Comrs.

Third Department, July, 1917.            [Vol. 179.

the City of Poughkeepsie, from orders of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 20th day of February, 1917, confirming the reports of a referee in certiorari proceedings to review certain special franchise assessments of the relator for the years 1908 to 1913, both inclusive.

Six proceedings were instituted by the relator to review by certiorari special franchise assessments in the city of Poughkeepsie for the years 1908 to 1913, inclusive. The proceedings were referred to the same referee who has made a report in each proceeding which reports have been separately confirmed, and from the orders of confirmation appeals have been taken both by the relator and the defendants. The city of Poughkeepsie intervened as a party defendant to support the assessments as made by the State Board of Tax Commissioners.

It has been stipulated that all the papers on these appeals be printed as one record and argued together.

*Alex. S. Lyman* [*George H. Walker* of counsel], for the relator.

*John B. Grubb* [*Frank B. Lown* of counsel], for the city of Poughkeepsie.

Cochrane, J.:

In assessing the value of the relator's special franchises in the city of Poughkeepsie, the State Board of Tax Commissioners regarded certain overhead bridges whereby streets in said city were carried over the line of the railroad as tangible property belonging to the relator. At the hearings before the referee a statement was submitted showing the valuation of these bridges as fixed by the Commission which were included in the franchise valuations. The referee eliminated from the assessments the value of these bridges. This is the only grievance which the city of Poughkeepsie urges on this appeal.

Section 2, subdivision 3, of the Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62)* declares as follows: " A special franchise shall be deemed to include the value of the tangible property of a person, copartnership, association

---

*Now § 2, subd. 6, as amd. by Laws of 1916, chap. 323.— [Rep.

or corporation situated in, upon, under or above any street, highway, public place or public waters in connection with the special franchise. The tangible property so included shall be taxed as a part of the special franchise."

The railroad was constructed by the predecessor of the relator across the streets in question and below their natural grade, and according to the charter of the relator's predecessor, being chapter 216 of the Laws of 1846, it became necessary for the constructing railroad company (§ 14) to restore the "road or highway, thus intersected, to its former state in a sufficient manner so as not to have impaired its usefulness." In obedience to this statutory requirement the bridges were built by the predecessor of the relator when the railroad was constructed. Similar provisions have been included in subsequent statutes requiring railroad corporations in constructing their railroads to restore highways in such a manner as not to interfere with their usefulness by the traveling public.

In *People ex rel. Buffalo & Lake Erie Traction Co.* v. *Tax Comrs.* (209 N. Y. 496) a street railroad corporation had constructed and maintained a pavement between and near its tracks by virtue of a provision in the Railroad Law which required it to "have and keep in permanent repair that portion of such street, avenue or public place between its tracks, the rails of its tracks, and two feet in width outside of its tracks." (Gen. Laws, chap. 39 [Laws of 1890, chap. 565], § 98, as amd. by Laws of 1892, chap. 676; now Consol. Laws, chap. 49 [Laws of 1910, chap. 481], § 178, as amd. by Laws of 1912, chap. 368.) It was held that such pavement was not tangible property of the corporation for the purpose of assessing the value of its special franchise. It was stated that there was nothing in the language of the statute suggesting the idea that the corporation was to become the owner of any part of the street which the mandate of the statute required it to keep in repair and that the paving was really for the benefit of the community at large from which the railroad company derived no special or peculiar benefit. In the present case the bridges in question are entirely unnecessary for the operation of the railroad but have been established and are maintained absolutely for the benefit of the community and the traveling public in obedience to a mandate of the

statute requiring the railroad corporation for manifest reasons of fairness to so construct them for the purpose of restoring the highway to its former degree of usefulness.   There is no distinction in principle between the case cited and the present case.   If the relator derived any benefit from these structures a totally different question would exist.   The case of *People ex rel. Buffalo & Lake Erie Traction Co. v. Tax Comrs.* (209 N. Y. 502) presents both phases of the question and illustrates the distinction.

The relator appeals because it has been assessed for a special franchise in North Water street.   When the railroad was constructed it crossed said street diagonally.   Land was acquired adjacent to the right of way and the street was relocated on the land so acquired.   The street as thus relocated was accepted by the city.   The referee held that formal action on the part of the city was necessary to accomplish a release or discontinuance of the original street.   It appears in evidence that the city took action approving of the plans for relocating and restoring the street in question and for more than fifty years it has acquiesced in the relocation as made by the railroad company.   The city on this appeal makes no objection to the claim of the relator in this respect.

The orders should be modified so as to direct the cancellation of the North Water street assessments, and as so modified affirmed, with costs as of one appeal to the relator against the city.

All concurred.

Orders modified so as to direct the cancellation of the North Water street assessments, and as so modified unanimously affirmed, with costs as of one appeal to the relator against the city.   ·